UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
BARBARA LYNN CLAY                                                            CASE NO. 10-53848

DEBTOR

BARBARA LYNN CLAY                                                                   PLAINTIFF

v.                                                                                         ADV. NO. 11-5003

CREDIT ACCEPTANCE CORPORATION                                         DEFENDANT

### MEMORANDUM OPINION

On May 11, 2011, the Court entered its Memorandum Opinion (Doc. 32) granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment on the issue of whether Defendant willfully violated the automatic stay as set forth in section 362(a) of Title 11 of the United States Code (the "Bankruptcy Code"), thus entitling Plaintiff to recover damages pursuant to § 362(k) of the Bankruptcy Code. The Court held that Defendant willfully violated the stay by its failure to cease postpetition actions taken by other parties in furtherance of Defendant's prepetition lawsuit commenced against Plaintiff.

The issue remaining to be determined is the type and amount of damages to which Plaintiff is entitled under § 362(k) as a result of Defendant's willful violation of the automatic stay. After weighing the supplemental filings and the evidence of record, the Court holds that actual damages are appropriate for the reasonable attorney fees incurred as a result of Defendant's willful violation of the automatic stay.

Once a willful violation is established, an award of damages is mandatory under § 362(k)(1), so long as there is a resulting injury. *In re Harris*, 374 B.R. 611, 616 (Bankr. N.D. Ohio 2007). The violation constitutes an injury under § 362(k)(1), thereby entitling Plaintiff to

recover her actual damages. *Henderson v. Auto Barn Atlanta, Inc.*, 2011 WL 482827, at *7 (Bankr. E.D. Ky. Feb. 7, 2011).

In her Complaint, Plaintiff sought an award for actual damages, including damages for emotional distress, punitive damages and attorney fees for Defendant's willful violation of the automatic stay.

By order entered on May 11, 2011, Plaintiff's counsel was directed to file "an affidavit providing details of all damages sought by Plaintiff in this adversary proceeding." (Doc. 33). The order further directed counsel to attach billing records for all attorney fees and other professional fees sought by Plaintiff. In response, counsel filed an affidavit to which counsel's billing records were attached. (Doc. 35). The entire affidavit, signed by Plaintiff's counsel, provided,

1. I am the attorney for the plaintiff in the above case.
2. Attached is a true and accurate copy of my time invoice for representing the debtor in the above-styled adversary.

(Affidavit of J. D. Kermode, counsel for Plaintiff, Doc. 35). In contrast to the damages requested in the Complaint, counsel's affidavit indicates Plaintiff now limits the damages requested to recovery of attorney fees.

Section 362(k)(1) requires the imposition of attorney fees on a creditor found to have willfully violated the automatic stay. *In re Harris*, 374 B.R. at 616. The attorney fees award must be reasonable. *Id.* citing *In re Roman*, 283 B.R. 1, 11-12 (B.A.P. 9th Cir. 2002). The *Harris* court also states,

> Additionally, for purposes of a violation of § 362(a), the attorney fees requested should bear a reasonable relationship to the amount in controversy. *Mitchell v. BankIllinois*, 316 B.R. 891 (S.D. Tex. 2004). In this way, significant awards of attorney fees are rarely appropriate where the debtor has no other damages besides the attorney fees. *In re Risner,* 317 B.R. 830, 840 (Bankr. D. Idaho 2004). A debtor is also under a duty to mitigate their damages. For attorney fees, this means that after reasonable offers of settlement are made, any attorney fees incurred thereafter must be borne by the debtor. *In re Esposito,* 154 B.R. 1011, 1015-16 (Bankr. N.D. Ga. 1993).

*In re Harris*, 374 B.R. at 616.

Defendant's prepetition lawsuit sought judgment against Plaintiff in the sum of $5,441.13. (Doc. 1, p. 6). In this proceeding, filed in response to Defendant's lawsuit, Plaintiff seeks attorney fees in the sum of $10,300.00. (Doc. 35, p. 6). An award of attorney fees which are almost 100% greater than the amount in controversy in the state court lawsuit would constitute a significant award in this proceeding. Such an award, however, is far outside the bounds of reasonableness.

In this case, the record shows Plaintiff did little to mitigate her damages. According to the billing records, Plaintiff met with counsel on January 7, 2011, a few days after she was served with the state court complaint. (Doc. 35, p. 3). The records show counsel had no communication with Defendant's counsel until *after* Plaintiff's complaint was drafted, electronically filed and served along with the summons and order for trial. (Doc. 35, p. 3). On February 9, 2011, Plaintiff's counsel returned a phone call to Defendant's counsel. This initial telephone contact occurred more than one month after Plaintiff's counsel was notified of the service of the state court complaint.

Plaintiff failed in her duty to mitigate her damages prior to the filing of this adversary proceeding. A substantial award of damages in the form of attorney fees and costs is not proper where a debtor makes no effort to resolve the matter before filing the complaint. *In re Newell,* 117 B.R. 323, 326 (Bankr. S.D. Ohio 1990) (finding a violation of the stay and awarding $150 as actual costs for two long distance calls and the reasonable value of legal services which should have been sufficient to resolve the matter).

More than twenty years ago, in the *Newell* case Judge Sellers admonished the parties before him stating,

> [Allegations that] creditors ... refuse to honor either the automatic stay or the discharge injunction ... will always [receive] serious attention [from the Court]. But the unnecessary escalation of a matter of somewhat limited consequence which could have been resolved by much less lawyering does not make economic or emotional sense. Such escalation creates damages, magnifies

> costs, and burdens the system. More significantly, such efforts reveal a lack of perspective.

*In re Gunter*, 389 B.R. 67, 76 (Bankr. S.D. Ohio 2008) quoting *In re Newell*. See also *In re Price,* 179 B.R. 70, 71 (Bankr. S.D. Ohio 1995) (awarding $13 for actual damages where creditor sent a collection bill for $62, attorney's fees totaled $572.50, and debtor made no effort to contact creditor to resolve the violation before filing the contempt motion).

The Court shall enter a separate order of judgment consistent herewith.

Copy to:
J.D. Kermode, Esq.
Gregory L. Taylor, Esq.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
***Joseph M. Scott, Jr.***
**Bankruptcy Judge**
**Dated: Friday, June 10, 2011**
**(jms)**